UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **Leland Foster**, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:17-cv-2146 |
| v. | ) |
| | ) |
| **SHRI HARI KRUPA CP, INC.,** an Illinois Corporation, | ) Judge: |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, **Leland Foster**, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, hereby files this Complaint against Defendant **SHRI HARI KRUPA CP, INC.**, an Illinois Corporation for Profit for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, **Leland Foster**, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3. Venue is proper in the Central District of Illinois as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, **Leland Foster** ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **SHRI HARI KRUPA CP, INC.** owns a Baymont Inn & Suites located at 302 W Anthony Dr, Champaign, IL 61822 in Champaign County. Plaintiff has twice been an overnight guest at Defendant's hotel previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by **SHRI HARI KRUPA CP, INC.** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

7. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff also has difficulty grasping with his hands also as a

result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. On or about April 7-8, 2014 and again on September 22-23, 2016, Plaintiff was an overnight guest at the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including hand cycle events in central Illinois. Through his involvement in adaptive sports he has established friendships throughout Illinois. Further, Plaintiff is a member of a triathlon club based in Chicago, IL which also participates in events widely in central Illinois. Leland Foster frequents many establishments in the Champaign County region, which hosts many events for disabled individuals. As indicated, the Plaintiff has no fewer than twice been a bona fide overnight guest at the Defendant's hotel. During the Plaintiff's visits to Defendant's hotel he encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

9. The Plaintiff, Leland Foster, advised the front desk clerk, as well as a manager or owner who was present while supervising an ongoing renovation project, of his specific concerns. He was advised at that time the pending projects included renovating all counter tops and paint this year and renovating the carpet and furniture next year. But that his concerns were not scheduled to be addressed.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the

purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a bona fide customer and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the

hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the Baymont Inn & Suites owned by **SHRI HARI KRUPA CP, INC.**, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Parking and Accessible Routes

A. The passenger loading zone does not contain required marked access aisle and otherwise does not comply with the requirements of the ADA, in violation of the ADA whose remedy is readily achievable.

B. There are an insufficient number of designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

C. Designated van accessible parking spaces are not marked as such, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

D. The registration service counter alternate surface does nto meet required dimensaion and does not constitute equivalent facilitation, in violation of the ADA whose remedy is readily achievable.

E. In the business center, the desk does not allow for sufficient knee clearance, in violation of the ADA whose remedy is readily achievable.

F. There is no accessible route to the picnic tables and grill amenity offered for guest use, in violation of the ADA whose remedy is readily achievable.

Lobby Restroom

    G. The grab bars around the water closet are non-compliant, in violation of the ADA whose remedy is readily achievable.

    H. There are amenities, including toilet seat covers, mounted in excess of the allowable reach range, in violation of the ADA whose remedy is readily achievable.

    I. The mirror is mounted in excess of the allowable height, in violation of the ADA whose remedy is readily achievable.

    J. Toilet paper dispensers are not mounted where required, in violation of the ADA whose remedy is readily achievable.

    K. There is insufficient knee clearance at the lavatory, in violation of the ADA whose remedy is readily achievable.

    L. The lavatory pipes are not insulated to protect for scalding or contact, in violation of the ADA whose remedy is readily achievable.

    M. There is insufficient clear floor space to approach the water closet due to an inward-swinging door, in violation of the ADA whose remedy is readily achievable.

    N. The door hardware requires tight-grasping or twisting to lock, in violation of the ADA whose remedy is readily achievable.

Designated Mobility Accessible Guestrooms

    O. The viewing hole in the entrance door is located in excess of allowable height, in violation of the ADA whose remedy is readily achievable.

    P. The door locking mechanism on the entrance door is mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

    Q. The coat hooks and iron are located in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

    R. There is insufficient latch-side clearance to exit the room, in violation of the ADA whose remedy is readily achievable.

    S. The curtain adjuster is located in excess of allowable reach range and requires tight-grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

T.  There is insufficient clear floor space to access the curtain adjuster or thermostat controls due to the placement of the desk, in violation of the ADA whose remedy is readily achievable.

U.  The desk has insufficient knee clearance, in violation of the ADA whose remedy is readily achievable.

V.  In the bathroom, the grab bars around the water closet are non-compliant, in violation of the ADA whose remedy is readily achievable.

W.  In the bathroom, the toilet paper dispensers are not mounted as required, in violation of the ADA whose remedy is readily achievable.

X.  In the bathroom, the bathtub grab bars are non-compliant, in violation of the ADA whose remedy is readily achievable.

Y.  In the bathroom, the tub faucet controls require tight-grasping or twisting, in violation of the ADA whose remedy is readily achievable.

Z.  In the bathroom, there is no handheld shower spray unit, in violation of the ADA whose remedy is readily achievable.

AA.  In the bathroom, there is insufficient knee clearance under the lavatory, in violation of the ADA whose remedy is readily achievable.

BB.  In the bathroom, the robe hooks are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

CC.  In the bathroom, there is insufficient clear floor space to access the lavatory due to an inward-swinging door, in violation of the ADA whose remedy is readily achievable.

DD.  In designated mobility accessible guestroom received in his April 2014, the tub faucet control requires excess force to operate and its use is impeded by placement of the grab bars in the tub, and was literally inoperable, in violation of the ADA whose remedy is readily achievable.

EE. The hotel has an insufficient number of designated mobility accessible guestrooms, whereas a minimum of five are required, in violation of the ADA whose remedy is readily achievable.

FF. The hotel has no designated mobility accessible guestroom fitted with a roll-in shower, whereas a minimum of one is required, in addition to 4 accessible guestrooms fitted with an accessible tub, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

    GG.    The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

15. The discriminatory violations described in Paragraph 14 by Defendant **SHRI HARI KRUPA CP, INC.** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The hotel at issue, as owned and operated by **SHRI HARI KRUPA CP, INC.**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (MI Bar no. p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net
admitted to practice in U.S.D.Ct for Central IL