**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | | |
|---|---|---|
| **Leland Foster**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. **2:17-cv-2146** |
| v. | ) | |
| | ) | Magistrate Judge Eric I. Long |
| **SHRI HARI KRUPA CP, INC.,** an Illinois | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT DECREE AND ORDER

WHEREAS, Plaintiff Leland Foster ("Foster") filed this action against Shri Hari Krupa CP, Inc. (referred to as the "Defendant") in the United States District Court for the Central District of Illinois, Case Number 2:17-cv-2146;

WHEREAS, Foster alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("Title III" of the "ADA") at a hotel commonly referred to as Baymont Inn & Suites, located at 302 W Anthony Dr, Champaign, IL 61822 in Champaign County, Illinois (the "Property");

WHEREAS, Shri Hari Krupa CP, Inc. expressly denies that the Property is in violation of the ADA, and denies any other wrongdoing or liability whatsoever;

WHEREAS, the Parties desire to resolve this matter, without further formal proceedings, and have voluntarily entered into a Consent Decree and Order;

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Decree and Order, the Parties request the Court to enter consent judgment accordingly.

A. Undertakings by Defendant Shri Hari Krupa CP, Inc.:

Without admitting liability, in response to and in settlement of the allegations contained in Foster's Complaint, and all other allegations brought or which could have been brought in this action with respect to this Property, Shri Hari Krupa CP, Inc. agrees to perform the following barrier removal, alterations, and modifications at and to the Property, within one year of the signing of this Consent Decree, unless an alternate date is specifically provided for in this Consent decree, subject to a reasonable extension due to acts of God, force majeure, or events beyond the control of Shri Hari Krupa CP, Inc., such as inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults, or work stoppages:

**Parking and Accessible Routes:**

1. SHRI HARI KRUPA CP, INC. shall provide compliant signage at all designated accessible parking spaces and designated van accessible parking spaces to comply with Section 502.6 of the 2010 Standards.

2. SHRI HARI KRUPA CP, INC. shall modify the passenger loading zone to provide a marked access aisle serving the vehicle pull-up spaces to comply with Section 503.3 of the 2010 Standards.

3. SHRI HARI KRUPA CP, INC. shall provide an accessible route leading to the barbecue area and picnic tables in compliance with Sections 303, 402, and 403 of the 2010 Standards. At the defendant's sole discretion rather than create the aforementioned accessible route and install a compliant table, it may remove this amenity from the facility.

**Access to Goods and Services:**

4. SHRI HARI KRUPA CP, INC. shall provide a transaction counter 28"-34" high x 36" minimum width (which is the same depth of the countertop) and the 30" x 48" required clear floor space, as to comply with Section 904 of the 2010 Standards within **18 months** of entry of the Consent Decree.

**Lobby Restroom:**

5. SHRI HARI KRUPA CP, INC. shall reverse the swing of the door to provide clear width and clear floor maneuvering space as required by Sections 404.2.3 and 603.2.3 of the 2010 Standards.

6. SHRI HARI KRUPA CP, INC. shall install a compliant lavatory with the required toe and knee clearance pursuant to Sections 213.3.4, 306 and 606 of the

2010 Standards.

7. SHRI HARI KRUPA CP, INC. shall remount the soap dispenser to a maximum operating height of 44" to comply with Section 308.2 of the 2010 Standards.

8. SHRI HARI KRUPA CP, INC. shall provide rear and side-wall grab bars at the water closet to comply with Sections 604.5.1 and 604.5.2 of the 2010 Standards.

9. SHRI HARI KRUPA CP, INC. shall remount the toilet paper dispenser to 7-9" from the front of the water closet to the centerline of the dispenser to comply with Section 604.7 of the 2010 Standards.

**Designated Accessible Guestrooms:**

10. SHRI HARI KRUPA CP, INC. shall create one fully-compliant mobility accessible guestroom equipped with a roll-in shower. That accessible guestroom bathroom shower compartment shall include shower controls mounted in compliance with Section 608.5.2; a fixed permanent shower seat in compliance with Section 610.3; grab bars in compliance with Section 608.3.2; and a handheld sprayer in compliance with Section 608.6 of the 2010 Standards.

11. SHRI HARI KRUPA CP, INC. shall replace the door hardware on all designated accessible guestrooms with lever sets or other door hardware that does not require tight grasping, pinching, or twisting of the wrist and can be operated with one hand in compliance with Section 404.

12. SHRI HARI KRUPA CP, INC. shall replace security latches or bolts installed greater than 48"above the finished floor, to comply with Section 9.2.2(3), 4.13.9 and 308.2 of the 2010 Standards. Replace all security door chains at accessible rooms with ADA-compliant swing bar door guards, as to comply with Section 404.2. of the 2010 Standards.

13. SHRI HARI KRUPA CP, INC. shall provide 36" clearance around the side of the bed and around the furniture in order to operate drapery wands and thermostats, to comply with Section 9.2.2 of the 2010 Standards.

14. SHRI HARI KRUPA CP, INC. shall install hardware for drapery wands and fixed lamps that do not require tight-grasping or twisting and ensure that their operable parts are no higher than 48" above the finish floor in compliance with Sections 404.2.7 and 308 of the 2010 Standards.

15. SHRI HARI KRUPA CP, INC. remount shelves, poles, and robe hooks to a maximum of 48" above the finish floor to comply with Section 308 of the 2010 Standards.

16. SHRI HARI KRUPA CP, INC. shall reinstall toilet paper dispensers to comply with Sections 604 and 604.7 of the 2010 Standards.

17. SHRI HARI KRUPA CP, INC. shall reverse the inward-swinging doors at guestroom bathrooms and otherwise provide for required clear floor space in compliance with Sections 404, 603.2.3, and 604.3.2 of the 2010 Standards.

18. SHRI HARI KRUPA CP, INC. shall install grab bars around the water closets in compliance with section 604 of the 2010 Standards.

19. SHRI HARI KRUPA CP, INC. shall modify the lavatories to provide required knee clearance in compliance with Section 306.3 of the 2010 Standards.

20. SHRI HARI KRUPA CP, INC. shall install faucet controls that do not require tight grasping, pinching, or twisting of the wrist in designated accessible guestrooms equipped with bathtubs in compliance with Section 404.2 of the 2010 Standards.

21. SHRI HARI KRUPA CP, INC. shall install adjustable height hand-held shower wands in all designated accessible guestroom bathrooms to comply with Sections 607.6 of 2010 Standards.

22. SHRI HARI KRUPA CP, INC. shall provide grab bars in the mobility accessible guestrooms equipped with bathtubs to comply with Section 607.4 hardware pursuant to Sections 404.2.7 and 309.4 of the 2010 Standards.

23. SHRI HARI KRUPA CP, INC. shall provide furniture in the designated accessible guestrooms, including desks, that meet the minimum requirements for knee clearance in compliance with Section 306.3 of the 2010 Standards.

24. SHRI HARI KRUPA CP, INC. shall provide peepholes in all designated accessible guestrooms that do not exceed 43" in height above the finish floor in compliance with Section 809.5 of the 2010 Standards.

**Policy and Procedure**

25. SHRI HARI KRUPA CP, INC. will create and adopt reasonable policies and procedures to maintain accessible features and modify policies as necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities to comply with Department of Justice ADA Title III Regulation 28 CFR Part 36.302(a).

B.     Undertakings by Plaintiff Foster: Foster agrees that he is releasing Shri Hari Krupa CP, Inc. and their respective parent companies, subsidiaries, divisions, affiliates, related companies,

4

predecessors, successors, heirs, executors, administrators, assigns, shareholders, members, managers, directors, officers, employees, agents, attorneys, and lessors of and lessees at the Property from any and all claims, causes, damages, demands, liabilities, equities, and any and all other claims, whether known or unknown, from the beginning of time to the date of the entry of this Consent Decree and Order. Foster further agrees that the completion of the above-referenced modifications will fully resolve his claims against Shri Hari Krupa CP, Inc. in the above-captioned matter, and consents to the Court's dismissal of this matter.

C.    The Court finds that the modifications and alterations agreed to be made by Defendants at the Property are the only ones that would be considered "readily achievable," which would be achievable to the "maximum extent feasible," or which would otherwise be currently required under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. (as amended effective January 1, 2009).

D.    Upon completion of the above-listed modifications, the Court and the Parties agree that the Property is in compliance with the Americans with Disabilities Act to the extent readily achievable.

E.    Plaintiff's Fees and Expenses: Shri Hari Krupa CP, Inc. shall pay or cause to be paid the total of Fifteen Thousand Dollars ($15,000.00) directed to Foster and Foster's counsel of record, Law Offices of Owen Dunn, Jr. Payment shall be made to the order of "Law Offices of Owen Dunn, Jr" and delivered to Plaintiff's counsel within ten (10) days of the Court's entry this Consent Decree and upon Defendant's receipt of a W9 executed on behalf of the Law Offices of Owen Dunn, Jr.

F.    The above-referenced payment shall represent full and complete payment for all claims of Foster and Foster's representatives, including Foster's counsel of record. Foster and Foster's representatives, including Foster's counsel of record, hereby acknowledge that with respect

5

to Foster's claims in the matter *Leland Foster v. Shri Hari Krupa CP, Inc.* (Case No. 2:17-cv-2146) they are not entitled to and will not receive any compensatory damages, punitive damages, injunctive relief, attorneys' fees, costs, or any other form of relief other than the relief expressly provided for in this Consent Decree. Foster and Foster's counsel affirm that there are no liens, claims or restrictions on their ability to accept such payment, and agree to fully hold harmless and indemnify Shri Hari Krupa CP, Inc. and their management, agents, employees, counsel and insurer against any and all liens or claims made against said settlement payment.

      G.    <u>Jurisdiction</u>: The parties have requested the Court to dismiss the case with prejudice and retain jurisdiction over this case for the sole purpose of enforcing the terms of this Decree and Order and the Agreement between the Parties. In the event of a dispute between the Parties, the Parties agree to submit themselves to the jurisdiction of the U.S. District Court for the Central District of Illinois. The Parties further waive any objection on the grounds of lack of personal jurisdiction or venue to the exercise of such jurisdiction now or in the future, but only in connection with the present litigation.

      H.    <u>Judgment</u>: Based upon the foregoing, the Court finds that this Consent Decree and Order is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest.

      WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that each party be hereby ordered to comply with the terms and conditions of this Consent Decree and Order entered into as a result of the settlement of the Parties.

      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon completion of the responsibilities set forth in this Consent Decree and Order, that Defendant be and is hereby found to be in compliance with the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. as of the date of this Judgment Entry.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the case is dismissed with prejudice with jurisdiction of this Court reserved to enforce the terms and conditions of this Consent Decree and Order.

Dated: February 27, 2018

s/ ERIC I. LONG
_____
Honorable Eric I. Long
United States Magistrate Judge